UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                                CRIMINAL NO. 3:10CR82TSL-LRA
                                   CIVIL ACTION NO. 3:12CV637TSL

LORNELL VON MOORE

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Lornell Von Moore to vacate pursuant to § 2255. Having considered the motion, the court concludes it is due to be denied.

On August 18, 2010, the grand jury returned a one-count indictment charging Moore, Lashawn Bender and two others with conspiracy to possess with intent to distribute more than one hundred kilograms or more of marijuana in violation of 18 U.S.C. § 2 and 21 U.S.C. § 846. On August 26, 2010, Moore and Bender had their initial appearance before the magistrate judge. At the proceeding, retained counsel David Valentine purported to enter appearances on behalf of both. Both defendants executed a "Waiver of Conflict" and were advised by the magistrate judge that if either desired another attorney, he should advise the court in short order and not delay the request until on or near the trial date.

Four days later, on August 30, 2010, Moore and Bender again appeared before the magistrate judge for a detention hearing. At

the hearing, attorney John Colette advised that he had been retained by Moore. Colette requested and received a brief delay of the hearing and the record reflects that Valentine's representation of Moore was terminated on that day.

Thereafter, on June 2, 2011, Moore, with Colette as counsel appeared before the court, and having entered into a plea agreement with the government, pled guilty. Significantly, the plea agreement provided that Moore waived the right to contest his conviction and sentence "or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255." On September 19, 2011, the court sentenced Moore to a 108-month term of imprisonment and to four years of supervised release.

On September 12, 2012, Moore filed this § 2255 motion complaining of ineffective assistance of counsel and that the prosecution misled him and thereby induced him to plead guilty. For its part, the government takes the position that Moore's motion is barred by the express terms of his plea agreement, and that, even if one or more of Moore's claims survive this waiver, the remaining claim or claims are without merit. The government is correct in both respects.

A waiver of a defendant's right to appeal or to seek relief pursuant to § 2255 will be upheld so long as the waiver is

2

informed and voluntary. <u>United States v. White</u>, 307 F. 3d 366, 343-44 (5th Cir. 2002); <u>see also</u> <u>United States v. Wilkes</u>, 20 F. 3d 651, 654, (5th Cir. 1994) (waiver of right to seek § 2255 relief indistinguishable from right to appeal and may be waived under terms of plea agreement, save certain claims of ineffective assistance of counsel); <u>United States v. Hollins</u>, 97 Fed. Appx. 477, 479 (5th Cir. 2004) (§ 2255 waivers are valid, except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum).

Here, at his change of plea hearing, having been sworn by the court, Moore affirmed that he had not been coerced or otherwise induced to enter into his plea agreement. He further represented that his counsel had explained the terms of the plea agreement to him and that he understood its terms. Moore, by signing the MOU, agreed to waive his right to appeal the conviction or sentence or to contest the conviction or sentence pursuant to § 2255. Moreover, at the change of plea hearing, upon the court's inquiry, Moore specifically confirmed that he understood that by entering into the plea agreement, he was waiving the right to appeal and to file for relief pursuant to § 2255. It follows then that Moore's claim that the prosecution improperly induced him to plead guilty, which was asserted in Ground Two of motion, is barred by his waiver.

3

This being said, as previously observed, "an ineffective assistance of counsel argument [does] survive a waiver of [right to file a § 2255] . . . when the claimed assistance directly affected the validity of that waiver or the plea itself." White, 307 F.3d at 343.  Here, by Ground One of his motion, Moore presents two ineffective assistance of counsel claims challenging the validity of the plea.  First, he asserts that Colette rendered ineffective assistance by simultaneously representing him and Bender, which influenced his decision to plead guilty.[1]  He additionally charges, without any further elaboration, that "Petitioner's defense counsel provided inaccurate and misleading information and assurance that induced Petitioner to enter a guilty plea."  For the reasons which follow, both of Moore's challenges to Colette's representation fail.

As is well established, to prevail on a claim of ineffective assistance of counsel, the defendant must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668,

---

[1] More specifically, Moore alleges that counsel (1) failed to "timely disclose the nature and extent of the cooperation with the U.S. government which cooperation was adverse to Petitioner's rights and interests;"(2) failed to "provide Petitioner with a proper defense due to his simultaneous representation of the Co-defendant;" and (3) failed to "provide Petitioner with full and adequate information needed to make decisions regarding his rights and interests, including the entry of his guilty plea knowing and voluntary."

4

687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). While prejudice is presumed in a narrow class of cases in which a "defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance,'" Strickland, 466 U.S. at 692, 104 S. Ct. 2052 (1984) (citing Cuyler v. Sullivan, 446 U.S. 335, 350, 348, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), where a defendant maintains that his attorney misled him concerning a plea bargain and induced him to accept, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). A defendant's failure to establish either deficient performance or prejudice defeats the ineffective-assistance-of-counsel claim. Strickland, 466 U.S. at 687, 104 S. Ct. at 2063.

The court first turns to Moore's claim that Colette was ineffective on account of his joint representation of Moore and Bender. Under the Sixth Amendment, a defendant is entitled to representation which is "free from any conflict of interest." United States v. Burns, 526 F.3d 852, 856 (5th Cir. 2008). "[A] conflict exists when defense counsel allows a situation to arise that tempts a division in counsel's loyalties." Id. To prevail on this claim, Moore must show that "(1) that his counsel acted

5

under the influence of an actual conflict; and (2) that the conflict adversely affected his performance at trial." Id. (citing Culverhouse, 507 F.3d 888, 892 (5th Cir. 2007)).

Here, Moore has utterly failed to demonstrate that Colette had a conflict of interest. Rather, the record establishes that from the date of Moore's and Bender's arraignments on August 26, 2010, until their detention hearing on August 30, 2010, attorney David Valentine represented both defendants. Thereafter, on August 30, 2010, Colette entered an appearance only on behalf of Moore and continued his sole representation of Moore throughout the case. As there was no joint representation, it follows that there was no conflict of interest and that Moore's claim fails.

Moore's second claim also fails. A constitutionally valid guilty plea must be knowing and voluntary. Harmason v. Smith, 888 F.2d 1527, 1529 (5th Cir. 1989). Thus, a guilty plea may be invalid if induced by defense counsel's unkept promises. See id. This being said, however, a defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath, United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985), as "[s]olemn declarations in open court carry a strong presumption of verity," which form a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 1628-29, 52 L. Ed .2d 136 (1977). To obtain habeas relief on the basis of an alleged promise by defense

counsel, the defendant must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

Here, Moore has failed to identify the exact terms of the promises and/or other inducements allegedly made by Colette. Nor has he purported to satisfy the other two elements of a claim of improper inducement claim. Instead, by his motion, he makes only the conclusory accusation that "Petitioner's defense counsel provided and misleading information and assurances that induced Petitioner to plead guilty." By his affidavit, Collete denies that he provided any inaccurate or misleading information to Moore and for his part, Moore has not submitted a traverse or any other response purporting to contradict Colette's denial. Simply put, Moore's allegations are insufficient to raise a constitutional issue and therefore, this claim is, likewise, due to be denied. United States v. Whitehead, 393 Fed. Appx. 226, 227 (5th Cir. Aug. 27, 2010) ("A movant's claim of ineffective assistance of counsel must be stated with specificity; conclusory allegations are insufficient to raise a constitutional issue.") (citing Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990)).

Based on the foregoing, it is ordered that defendant's § 2255 motion is denied.

It is further ordered that a certificate of appealability is denied. Defendant has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 25th day of June, 2013.

/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE